**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7735**

_____

ABDUL-AZIZ RASHID MUHAMMAD,

                    Petitioner - Appellant,

        v.

ERIC D. WILSON, Warden of FCC Petersburg,

                    Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:14-cv-00387-HEH-MHL)

_____

Submitted:  October 31, 2017                    Decided:  November 21, 2017

_____

Before TRAXLER, DUNCAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Abdul-Aziz Rashid Muhammad, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdul-Aziz Rashid Muhammad, a federal prisoner, appeals the district court's orders dismissing his 28 U.S.C. § 2241 (2012) petition, and denying his motion to alter or amend the judgment, Fed. R. Civ. P. 59(e). A federal prisoner may file a § 2241 petition challenging his conviction only if 28 U.S.C. § 2255 (2012) is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *see* 28 U.S.C. § 2255(e) (2012).

Section 2255 is inadequate or ineffective when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Muhammad contends that the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), amount to a change in substantive law, rendering conspiracy under 18 U.S.C. § 371 (2012) no longer a crime of violence, and therefore his conduct of using a firearm during a § 371 conspiracy no longer constitutes a violation of 18 U.S.C. § 924(c) (2012).

However, *Descamps* and *Mathis* did not announce a substantive change to the law. Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach, which was set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990) and *Shepard v. United States*, 544 U.S. 13, 26 (2005). *See Mathis*, 136 S.

Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 133 S. Ct. at 2282-83 (noting that Court's prior caselaw explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently *clarified* whe[n] courts may apply the modified categorical approach") (emphasis added).

Because Muhammad's motion does not rely on a change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of *In re Jones*. Accordingly, although we grant leave to proceed in forma pauperis, we deny Muhammad's motion for appointment of counsel and affirm the district court's orders dismissing Muhammad's § 2241 petition and denying his Fed. R. Civ. P. 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*